**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4534-16T3

L.B.,

      Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES and ESSEX COUNTY
BOARD OF SOCIAL SERVICES,

      Respondents-Respondents.

_____

Submitted June 19, 2018 – Decided September 18, 2018

Before Judges Nugent and Accurso.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

SB2 Inc., attorneys for appellant (John P. Pendergast, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jacqueline R. D'Alessandro, Deputy Attorney General, on the brief).

PER CURIAM

L.B. appeals from a May 2, 2017 final decision of the Department of Human Services, Division of Medical Assistance and Health Services (DMAHS) denying his request for a fair hearing because it was filed almost two years out of time. We affirm.

L.B. applied for benefits with the Essex County Division of Welfare, which denied the application on March 17, 2015, based on his failure to provide the documentation necessary to process the application. Neither L.B. nor Newark Extended Care Facility where he was residing made any request for a fair hearing to challenge the denial.

Instead, in January 2017, almost two years later, counsel for the care facility, now known as Sinai Post-Acute Nursing and Rehabilitation Center, wrote to DMAHS claiming neither L.B. nor his authorized representative received the March 17, 2015 denial letter. He claimed they only received a copy of the letter on May 4, 2016, at a fair hearing on another Medicaid application L.B. filed, and thus that L.B.'s "time to appeal has been tolled."

DMAHS denied the belated request for a hearing. In addition to noting the denial letter was addressed to the facility where L.B. resided and his authorized representative was employed, DMAHS noted that 273 days had elapsed since May 4, 2016, the date L.B. and his representative conceded they

had notice of the denial. Given the inexcusable delay in seeking a fair hearing after notice, DMAHS denied the request.

L.B. appeals, arguing his failure to have received the March 17, 2015 denial notice made it impossible for him to request a fair hearing within twenty days, as required by N.J.A.C. 10:49-10.3. In response, DMAHS argues, among other things, that even accepting that L.B. did not receive the denial notice until May 2016, he fails to explain his admitted failure to act during the 273 days that elapsed between his receipt of notice of the denial in May 2016 and his request for a hearing in January 2017.

L.B. replies that "[t]here is no language in N.J.A.C. 10:49-10.3 which suggests that the time to appeal a Medicaid notice is tolled when such notice is not received by an applicant like L.B." It was, of course, L.B.'s counsel who urged equitable tolling in support of his January 2017 request to DMAHS for a fair hearing, writing L.B.'s "time to appeal has been tolled" on account of his failure to receive notice of March 2015 denial letter "until more than one year later."

Having reviewed the record in accord with our deferential standard of review, see E.B. v. Div. of Med. Assistance & Health Servs., 431 N.J. Super. 183, 190-91 (App. Div. 2013), we cannot find the agency's decision to deem

3

L.B.'s request for a fair hearing as out of time to be arbitrary, capricious or unreasonable under the circumstances. Although L.B. and the care facility where he resides deny receipt of the notice rejecting his application for Medicaid the county welfare agency sent in March 2015, they concede they had notice of the denial nearly eight months before they had their counsel write DMAHS to request a fair hearing. Obviously knowledgeable about the process as they admit receiving notice in the course of a fair hearing on another Medicaid application filed on behalf of L.B., they offer no explanation or excuse for the delay. Accordingly, we find no error in DMAHS's decision to reject the request as grossly out of time.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION